IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| LESTER LAVELLE MORRIS, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:05-CV-0161 |
| § | |
| DOUGLAS DRETKE, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

## REPORT AND RECOMMENDATION TO DENY
## PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner LESTER LAVELLE MORRIS has filed with this Court a petition for a writ of habeas corpus challenging an October 7, 2004 prison disciplinary proceeding and the resultant punishment including 15 days of solitary confinement.[1] As of the date the instant habeas application was filed, petitioner was incarcerated in the Clements Unit in Potter County, Texas.[2]

In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release and have received a punishment sanction which included forfeiture of previously accrued

---

[1] Petitioner did not file a form petition in this case as required by the rules of the Northern District. However, because petitioner has conceded he is ineligible for release to mandatory supervision, and in the interest of time, the Court will not require petitioner to file such form petition.

[2] It is not clear from petitioner's pleading where the disciplinary proceeding took place. Petitioner has stated his underlying conviction occurred in the 181st Judicial District Court of Randall County, Texas and petitioner is incarcerated in Potter County, Texas, and as such, jurisdiction is proper in this Court.

good time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). In his habeas application, petitioner advises he is in respondent's custody pursuant to a conviction for the felony offense of "aggravated sexual assault" out of Randall County, Texas, and the resulting 60-year sentence. Petitioner acknowledges that, "he does not have the right to mandatory supervision release." (Petitioner's Brief at 3). *See also* Tex. Gov't Code § 508.149(a)(8). Since petitioner is <u>not</u> eligible for mandatory supervised release due to his conviction for aggravated sexual assault, he is not entitled to any federal habeas corpus relief.

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner LESTER LAVELLE MORRIS be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this <u>8th</u> day of June 2005.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing

objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

   Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).